## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID MICHAEL MONTGOMERY, #412-797 | * * * |
| Plaintiff, | * * |
| v | * Civil Action No. ELH-14-1355 * |
| THOMAS F. STANSFIELD | * * |
| Defendant. | * *** |

## MEMORANDUM

On April 21, 2014, David Michael Montgomery filed correspondence seeking injunctive relief. The correspondence will be treated as a complaint filed pursuant to 42 U.S.C. § 1983 and dismissed for the reasons that follow.

Montgomery, a frequent self-represented litigant in this court, asks for intervention on his behalf in Criminal Case 06-K-13-043713 before the Honorable Thomas F. Stansfield in the Circuit Court for Carroll County. In that case, Montgomery, who was represented by counsel from the Office of the Public Defender, pleaded guilty to second-degree murder on December 30, 2013.[1] Montgomery indicates that he has since filed a "motion to dismiss" his case and will be representing himself at a hearing on the motion set for May 15, 2014. Montgomery requests the intervention of this court to "explain how many times that my constitutional rights been [sic] violated." (Complaint at 1, ECF 1). Contrary to Montgomery's implied assumption, however,

---

[1] This information was electronically accessed on the Maryland Judiciary Case Search Website. *See* http://casesearch .courts.state.md.us/inquiry/inquiryDetail.jis?caseId= 06K13043713&loc=61&detailLoc=. The May 15, 2014 hearing appears on the electronic docket.

this court has to date yet to determine a violation of Montgomery's constitutional rights in any pending or closed case.[2]

In the absence of extraordinary circumstances, a federal court must not interfere with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 53–54 (1971); *Cinema Blue of Charlotte, Inc., v. Gilchrist*, 887 F.2d 49, 50–53 (4th Cir. 1989) (district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims have been or could have been presented in an ongoing state judicial proceeding). The abstention doctrine articulated in *Younger* establishes that, under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings unless extraordinary circumstances exist. *Younger*, 401 U.S. at 44. Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, afford an adequate opportunity to raise the federal questions, and the federal relief sought would interfere in some manner with the state court litigation presented. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Newsome v. Broward County Pub. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (per curiam) (unpublished).

*Younger* is not applied in a case where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." *Nivens v. Gilchrist*, 44 F.3d 237, 241 (4th Cir. 2006) (internal quotations omitted). To prevail

---

[2] In Civil Action No. ELH-13-930, *Montgomery v Bigham, et al*, summary judgment was granted in favor of all defendants except Conmed, Inc. Montgomery, who is raising claims of inadequate medical care against Conmed, was appointed counsel in that case, and the case remains pending. No determination of constitutional abridgement has been made in this or any other case filed by Montgomery.

under the bad faith exception, a litigant must show "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Suggs v. Brannon*, 804 F.2d 274, 278 (4th Cir.1986). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Phelps v. Hamilton*, 122 F.3d 885, 890 (10th Cir. 1997).

The *Younger* abstention doctrine applies in this case. First, Montgomery has pending state criminal proceedings. Second, an on-going state criminal proceeding clearly implicates an important state interest. The State of Maryland has an important interest in maintaining the efficient operation of its criminal justice system without undue federal interference. Third, Montgomery has the opportunity to present his claims to the state court. Lastly, Montgomery does not allege any facts to establish bad faith or that he was prosecuted "without a reasonable expectation of obtaining a valid conviction." *Suggs*, 804 F.2d at 278. Accordingly, this case will be dismissed by a separate Order to follow.

April 25, 2014　　　　　　　　　　　　　　/s/
Date　　　　　　　　　　　　　　　　　　Ellen Lipton Hollander
　　　　　　　　　　　　　　　　　　　　United States District Judge